IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBBY DALE HON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0121 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent.[1] | § | |

**REPORT AND RECOMMENDATION TO DENY PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ROBBY DALE HON. By his habeas application, petitioner challenges a January 14, 2005 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offense of causing a disturbance, and was punished with the forfeiture of 50 days previously accrued good time credits.[2] For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

I.

---

[1]Petitioner has listed Charles Bell as respondent in this case. Douglas Dretke is the TDCJ Director, and thus is the party having custody of petitioner.

[2]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

## PROCEDURAL HISTORY

Respondent DOUGLAS DRETKE has lawful and valid custody of petitioner pursuant to a judgment and sentence out of the 9th Judicial District Court of Montgomery County, Texas, in Cause No. 03-09-06599-CR, for the offense of possession of a controlled substance, possession of a chemical with intent to manufacture. Petitioner pleaded guilty to the offense and on January 15, 2004, petitioner was sentenced to eight (8) years imprisonment in the Texas Department of Criminal Justice.

On or about January 4, 2005, petitioner was accused, in Disciplinary Case No. 20050125469, with the offense of violating prison rules, specifically, causing a disturbance, and was informed of his right to call and question witnesses, to present documentary evidence, to be represented by counsel substitute, and to call and question the charging officer at the hearing. Petitioner has not provided the Court with the disciplinary hearing date but the records do show one was held. At the disciplinary hearing, petitioner was found guilty of the charged offense and assessed a punishment which included forfeiture of 50 days of good time credits.

Petitioner filed a Step 1 Offender Grievance Form which was denied on February 15, 2005. Petitioner then filed a Step 2 Offender Grievance Form and such was denied on March 8, 2005.

## II.
## GROUNDS

In support of his contention that the evidence was insufficient to support a finding of guilt, petitioner presents the following grounds:

  A.  The disciplinary captain (presumably the Hearing Officer) read the offense description before taking a statement from the charging officer thereby leading the witness and tainting his testimony;

    B.    The charging officer changed his statement at the hearing;

    C.    The offense description says petitioner was arguing with staff members however, such fact is not in the charging officer's statement;

    D.    The Step 2 grievance officer did not investigate the grievance because she failed to listen to the hearing tape;

    E.    The offense description says the accusing officer had to use gas to break up the disturbance but this is not listed in the charging officer's statement; and

    F.    The charging officer used minor force in response to the disturbance, as evidenced by the use of gas, in violation of prison procedures.

### III.
### MERITS

The undersigned finds the instant habeas application should be denied on the merits. Petitioner has not shown the challenged forfeiture of accumulated good conduct time was in violation of the United States Constitution. Accordingly, petitioner is not entitled to federal habeas corpus relief.

In order to prevail in a federal habeas corpus proceeding, petitioner must show his due process rights were violated during the state prison disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

Petitioner does not specifically allege he was denied any procedural due process protections established by *Wolff* in any of the disciplinary proceedings. Further, review of the disciplinary proceeding records reveals petitioner was afforded the full panoply of constitutional procedural due process requirements under *Wolff*. Consequently, petitioner is not entitled to federal habeas corpus relief for any constitutional procedural deficiencies.

It is the law of the Fifth Circuit that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of <u>some</u> facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Consequently, in order to prevail in a challenge to a disciplinary proceeding by way of federal habeas corpus, a petitioner must establish that there was <u>no</u> evidence to support the disciplinary adjudication. Petitioner cannot meet this burden as there clearly was <u>some</u> evidence, as demonstrated by the offense report, the charging officer's testimony, and staff witness reports. Petitioner's allegation that the Hearing Officer misconstrued or misapplied the evidence is without merit. It is within the discretion of the Hearing Officer to take testimony and to weigh the evidence. This was done. To the extent petitioner complains about the Hearing Officer leading the witness and the discrepancies between the charging officer's testimony and the offense report, such claims are merely challenges to the sufficiency and credibility of the evidence and are outside the scope of habeas review. The complaints about the grievance officer's failure to listen to the hearing tape and the violation of prison procedure by the charging officer are not cognizable.

The Court finds that the rights set forth in *Wolff* have not been abridged, and that there

was "some evidence" to support the disciplinary hearing officer's decision. Based upon the foregoing, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas corpus application challenging alleged due process violations in a prison disciplinary case should be DENIED.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ROBBY DALE HON be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of May 2005.

/s/ Clinton E. Averitte
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).